**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT COURT OF WEST VIRGINIA
AT WHEELING**

ELECTRONICALLY
FILED
Oct 06 2017
U.S. DISTRICT COURT
Northern District of WV

MAPW, LLC
188 Bermuda Drive
Johnstown, OH 43031
    and
Deborah Sue Knisely, Executrix and Personal
Representative of the Estate of Patricia
Eileen Newman,

               Plaintiffs,

v.

OHIO L & M CO., INC.
4150 Belden Village Ave NW, Suite 410
Canton, OH 44718

     and,

ALLIANCE PETROLEUM CORPORATION
4150 Belden Village Ave NW, Suite 410
Canton, OH 44718

     and,

ANTERO RESOURCES APPALACHIAN
CORPORATION
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

     and,

EQT PRODUCTION COMPANY
c/o CT Corporation System
5400 D Big Tyler Road
Charleston, WV 25313

            Defendants.

Case No. 5:17-CV-155 _____

Judge _____ Bailey _____

**COMPLAINT WITH JURY DEMAND**

1

Now come Plaintiffs MAPW, LLC, and Deborah Sue Knisely, Executrix and Personal Representative of the Estate of Patricia Eileen Newman, by and through counsel, and hereby state as follows:

PARTIES AND JURISICTION

1. Plaintiff MAPW, LLC, (hereafter "Plaintiff MAPW") is a limited liability company formed under Ohio law and, by virtue of its members, is a resident of the State of Ohio.

2. Plaintiff Deborah Sue Knisely (hereafter "Plaintiff Newman Estate") a, West Virginia resident, was appointed as the Executrix of the Estate of Patricia E. Newman under the Will of Patricia E. Newman of record in the Office of the County Clerk of Wetzel County, West Virginia, in Will Book 93 at page 152. Patricia E. Newman, a West Virginia resident, died, testate, on November 30, 2016, seized and possessed of the oil and gas mineral rights to the 161.5-acre tract described more fully in paragraph 9 herein.

3. Defendant Ohio L & M Co., Inc. (hereafter "L&M") is a foreign state of Indiana corporation whose principal place of business is 4150 Belden Village Ave. NW, Ste 410, Canton, OH 44718. L&M is registered as a non-active business in the State of West Virginia.

4. Defendant Alliance Petroleum Corporation (hereafter "Alliance") is a foreign state of Georgia corporation whose principal place of business is 4150 Belden Village Ave. NW, Ste 410, Canton, OH 44718. Alliance is registered to and does conduct business in the State of West Virginia.

5. Defendant Antero Resources Appalachian Corporation (hereafter "Antero") is a foreign state of Delaware corporation whose principal place of business is 1615 Wynkoop Street, Denver, Colorado 80202. Antero is registered to and does actively conduct business in the State of West Virginia.

2

6. Defendant EQT Production Company (hereafter "EQT") is a foreign state of Pennsylvania corporation whose principal place of business is 625 Liberty Avenue, Suite 1700, Pittsburgh, PA 15222. EQT is registered to and does conduct business in the State of West Virginia.

7. Pursuant to 28 U.S.C. § 1332, this Court has original jurisdiction as the sum in controversy exceeds the sum of $75,000 and is between citizens of different States.

BACKGROUND FACTS

8. Plaintiff MAPW owns 161.5 acres of oil and gas mineral rights, more or less, located in Proctor District, Wetzel County, West Virginia, being Map/Parcel No. 9999/00021730, being further described as follows (the "Property"):

> A certain tract or parcel of land lying on Proctor Ridge, Proctor District, Wetzel County West Virginia, and bounded as follows: Beginning at a Sugar, thence N 88 W 149 poles to a stone; thence S 1 W 123 poles to a stone; thence S 88 E 47 poles to three (3) lynns; thence S 10 W 6-4/5 poles to a Beech; thence S 24-1/2 E 63-1/2 poles to a White Oak; thence N 50-1/2 E 16 poles to an Ash; thence N 56-1/2 E 39 poles to a Beech; thence N 44 E 29 poles to a Sugar; thence S 86 E 38 poles to a stone; thence N 7-1/4 E 153 poles to a stone; thence S 69 W 46 poles to a stone; thence S 50 W 12 poles to the beginning, containing one hundred and sixty-one and one-half (161-1/2) acres, more or less.

9. Plaintiff MAPW acquired the Property pursuant to a Quit-Claim Deed from Patricia E. Newman to Plaintiff MAPW dated March 25, 2016, of record in Deed Book 449, Page 45, in the Office of the County Clerk of Wetzel County, West Virginia.

10. The Property was once subject to an Oil and Gas Lease dated February 2, 1994, executed by John L. and Patricia E. Newman, husband and wife, to Ohio L & M Co., Inc., recorded in Book 74A, Page 696 in the Office of the County Clerk of Wetzel County, West Virginia (the "Lease").

11. Paragraph 2 of the Lease states: "It is agreed that this lease shall remain in force for a primary term of two (2) from this date and as long thereafter as operations for oil and gas are conducted on the premises, or oil or gas is found in paying quantities thereon, or any formation underling the leased land is used for storage of gas as provided under paragraph 7 hereof."

12. Paragraph 3 of the Lease states: "Lessee shall pay Lessor a royalty at the rate of Fifty Dollars per year per well while, through lack of market, gas therefrom is not sold or used off the premises, and while said royalty is so paid said well shall be held to be a paying well under paragraph 2 hereof."

13. Paragraph 14 of the Lease states: "If after expiration of the term of this lease production from the leased premises shall cease from any cause, this lease shall not terminate provided Lessee resumes operations within sixty days from such cessation, and this lease shall remain in force during the prosecution of such operations, and, if production results therefrom, then as long as oil or gas is produced in paying quantities."

14. According to the West Virginia Department of Environmental Protection, Office of Oil & Gas records ("WV DEP"), during the period from 1994 to approximately 1996, four (4) vertical oil and gas wells were drilled on the Property by Ohio L & M Co., Inc. under the Lease, being as follows:

    a.  Newman #1 Well: API 47103-01656

    b.  Newman #2 Well: API 47103-01682

    c.  Newman #3 Well: API 47103-01700

      d.   Newman #4 Well: API 47103-01701

15. The WV DEP records indicate the Newman #2 well is plugged, and the other three wells are listed as "Active Wells."

16. Upon information and belief, in or about 2015, Stone Energy Corporation, under the direction and control of Defendant Antero, began drilling a horizontal Marcellus Shale well into the Property, known as the Erlewine #7H, being API 47103-03000. To date, the said well has neither been completed nor has it produced any salable product.

17. Pursuant to an Assignment effective as of December 30, 2005, recorded on July 21, 2017, in Book 190A, Page 296, in the Office of the Clerk of Wetzel County, West Virginia, Ohio L & M Co., Inc., assigned and conveyed its interest in the Lease to Alliance Petroleum Corporation.

18. Pursuant to a Partial Assignment of Oil and Gas Leases recorded on January 9, 2012 in Book 127A, Page 407, Alliance Petroleum Corporation conveyed all interest in the Lease beneath the Rhinestreet Formation to Antero Resources Appalachian Corporation.

19. Pursuant to an Assignment and Bill of Sale, recorded on March 2, 2017, in Book 183A, Page 305, Stone Energy Corporation sold all of its assets to EQT Production Company.

20. The Property has never been and is not being used for any gas storage operations or activities.

21. According to Alliance royalty statements, Alliance produced from the four Newman wells a total of 219.90 MCF of gas in 2012, 488.95 MCF of gas in 2013, and 117.69 MCF of gas in 2014.

22. According to the WV DEP well records for these four Newman wells, no oil or natural gas liquids have been or are currently being produced from the Newman wells. The following table

reflects the total amount of gas produced in each month of each year for the past five years as reported by Alliance:

| Year | Jan. | Feb. | March | April | May | June | July | August | Sept. | Oct. | Nov. | Dec. |
|------|------|------|-------|-------|-----|------|------|--------|-------|------|------|------|
| 2012 | 892 | 20 | 120 | 895 | 206 | 614 | 0 | 10 | 1023 | 0 | 0 | 0 |
| 2013 | 5 | 8 | 5 | 87 | 5 | 50 | 5 | 5 | 21 | 5 | 5 | 5 |
| 2014 | 0 | 0 | 0 | 0 | 0 | 170 | 25 | 1 | 0 | 0 | 0 | 5 |
| 2015 | 0 | 29 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 0 | 3 |
| 2016 | 0 | 0 | 52 | 36 | 56 | 16 | 0 | 20 | 0 | 8 | 0 | 4 |

23. In September of 2014 and in December 2015, Alliance mailed Plaintiff MAPW's predecessor in title a check in the amount of $200 as a "shut-in payment." Said predecessor did not accept the December 2015 check.

24. By letter dated January 6, 2016, certified return receipt, Plaintiff MAPW and its predecessor in title, Ms. Patricia Newman, notified Alliance that the Lease had expired and terminated for lack of oil and gas production. In said letter, Plaintiff MAPW requested therein a recordable release of the lease.

25. In response to Plaintiff MAPW's January 6 letter, Attorney Eric L. Calvert, representing Alliance Petroleum Corporation, sent an email dated March 14, 2016, and stated the Lease remained valid due to production and gas sales from the Newman #2, Newman #3 and Newman #4 wells.

26. In April 2017, Alliance sent Plaintiff MAPW's predecessor in title a royalty check in the amount of $67.10 for "production" of oil and gas from March of 2016 through January 2017. This check was not accepted.

FIRST CLAIM:

LEASE EXPIRATION FOR LACK OF PRODUCTION

27. Plaintiffs incorporate by reference paragraphs 1 through 27 of this Complaint as if fully rewritten herein.

28. As reflected by the WV DEP well records, during calendar years 2012, 2014, and 2015, there has been no oil or gas or natural gas liquids produced in numerous periods of more than sixty (60) consecutive days.

29. Upon information and belief, during each of these cessation periods of more than sixty (60) days, Lessee of the Lease did not undertake any additional operations to extract oil or gas from the Property.

30. Accordingly, pursuant to Paragraph 14 of the Lease as quoted above, the Lease terminated and is null and void.

SECOND CLAIM:

LEASE EXPIRATION FOR LACK OF PRODUCTION IN PAYING QUANTITES

31. Plaintiffs incorporate by reference paragraphs 1 through 31 of this Complaint as if fully rewritten herein.

32. In many months over the past five years, there has been (1) no operations conducted on the Property, (2) no oil and gas was produced, and (3) no gas storage operations or activities, including, but not limited to, the end of 2012 and beginning of 2014.

33. Moreover, even in the months of production over the past five years, oil and gas were not produced in paying quantities.

34. Accordingly, pursuant to Paragraph 2 of the Lease, the Lease terminated and is null and void.

## THIRD CLAIM:

## CONVERSION

35. Plaintiffs incorporate by reference paragraphs 1 through 35 of this Complaint as if fully rewritten herein.

36. As set forth above, the Lease has expired by its express terms and conditions.

37. Despite knowing the Lease has expired, Alliance has intentionally, knowingly, and willfully continued to produce oil and gas from the Property.

38. Alliance has converted Plaintiffs' oil and gas mineral resource for its own corporate use and benefit.

39. As a direct and proximate result, Plaintiffs have suffered and continue to suffer loss, damage and injury.

## FOURTH CLAIM:

## TRESPASS

40. Plaintiffs incorporate by reference paragraphs 1 through 40 of this Complaint as if fully rewritten herein.

41. Defendant EQT Production Company owns the Erlewine #7H Well that is drilled into the Property, but not yet completed or in production.

42. Defendant Alliance Petroleum Corporation owns, operates and produces the four Newman Wells described above.

43. As set forth above, the Lease has expired by its express terms and conditions.

44. Plaintiff MAPW has repeatedly requested Defendants to release the Lease and vacate the Property.

45. Defendants have refused to release the Lease or vacate the Property.

46. Defendants have trespassed on Plaintiff MAPW's and Plaintiff Newman Estate's mineral estate.

FIFTH CLAIM:

DECLARATORY JUDGMENT

47. Plaintiffs incorporate by reference paragraphs 1 through 47 of this Complaint as if fully rewritten herein.

48. As set forth above, the Lease has expired by its express terms and conditions.

49. Given the Lease has expired, Defendants' rights, if any, in the Property have expired and terminated, and Defendants' personal property on or in the Property shall become the property of Plaintiff MAPW, including, but not limited to, the four Newman Wells, the Erlewine 7H Well, pump jacks, casing, tanks, batteries, pipelines, etc.

**WHEREFORE,** Plaintiffs request the following relief:

A. Plaintiffs hereby demand a jury trial pursuant to Rule 38 of the Fed. Rules of Civ. Procedure as to all issues contained within this Complaint;

B. With respect to Plaintiffs' First Claim, by ordering and declaring the Lease expired and terminated, and is null and void, for failing to produce oil or gas;

C. With respect to Plaintiffs' Second Claim, by ordering and declaring the Lease expired and terminated, and is null and void, for failing to produce oil or gas in paying quantities;

D. With respect to Plaintiffs' Third Claim, by ordering and declaring the Lease expired and terminated, and is null and void, and Plaintiffs are entitled to damages and equitable relief as to the value of the conversion of its oil and gas;

E.  With respect to Plaintiffs' Fourth Claim, by ordering and declaring the Lease expired and terminated, and is null and void, and Plaintiffs are entitled to damages and equitable relief as to the value of the trespass of its oil and gas;

F.  With respect to Plaintiffs' Fifth Claim, by declaring title to, and ownership of, the personal property of Defendants, including the four Newman Wells and Erlewine 7H Well on the Property, is now to Plaintiffs and forfeited by Defendants;

G.  For costs of prosecuting this action and for such other relief as may be just and equitable as the Court deems appropriate.

Respectfully submitted,

MAPW, LLC, and
DEBORAH SUE KNISELY, Executrix and
Personal Representative of the Estate of
PATRICIA EILEEN NEWMAN

By Counsel

s/John F. McCuskey
John F. McCuskey (WVSB No. 2431)
Marc F. Mignault (WVSB No. 12785)
Shuman McCuskey & Slicer, PLLC
1411 Virginia Street East, Suite 200
PO Box 3953
Charleston, West Virginia 25339
304-345-1400; Facsimile: 304-343-1826